# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CYNTHIA D. BAILEY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CAROLYN W. COLVIN,** )<br>**Acting Commissioner of the Social** )<br>**Security Administration,** )<br>)<br>**Defendant.** ) | Case No. CIV-13-392-JHP-SPS |

## REPORT AND RECOMMENDATION

The claimant Cynthia D. Bailey requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born August 20, 1957, and was fifty-five years old at the time of the administrative hearing (Tr. 31). She earned a GED and has worked as a resource specialist clerk (Tr. 45, 147). The claimant alleges that she has been unable to work since September 14, 2010, due to degenerative disc disease of the cervical/lumbar spine, chronic fatigue, pain in her muscles/joints, two liver cysts with borderline hepatomegaly, hypothyroidism, hormone replacement therapy, intermittent depression, vitamin D deficiency, right hip bone island, and migraines (Tr. 146).

**Procedural History**

On November 1, 2010, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Mary Abbondondelo held an administrative hearing and determined the claimant was not disabled in a written opinion dated January 10, 2013 (Tr. 13-20). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step four of the sequential evaluation. She found that the claimant retained the ability to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that she could only reach, handle, and finger on no more than a

frequent basis (Tr. 16). The ALJ thus concluded that the claimant was not disabled because she could return to her past relevant work as a resource specialist clerk (Tr. 19).

### Review

The claimant contends that the ALJ erred by improperly determining she could return to her past relevant work. The undersigned Magistrate Judge finds the claimant's contention dispositive, and the decision of the Commissioner should therefore be reversed.

The claimant testified at the administrative hearing as to her education, work experience, and physical impairments (Tr. 31-43). The ALJ asked the vocational expert (VE) to advise her if his opinion conflicted with the Dictionary of Occupational Titles (DOT), then asked the VE to characterize the claimant's past work (Tr. 44-45). The VE described her past work as a resource specialist clerk, DOT number 214.482-010, noting that she had performed this job for at least the previous fifteen years (Tr. 45). The ALJ then asked what level of reaching, handling, and fingering was required for that position, and the VE responded that it was "frequent" (Tr. 45). The ALJ later asked whether a "data-entry" type of job would be possible with a limitation to frequent fingering and handling, and the VE responded: "Well, if she could do frequent fingering and handling, she could go back to her resource specialist position she held. . . . I think it would preclude data entry, your honor, because that's listed as constant (Tr. 48).

In her written decision, the ALJ adopted limitations that the claimant could perform *less* than the full range of sedentary work, including the limitations that the claimant could only frequently reach, handle, and finger (Tr. 16). The ALJ then found

4

that the claimant could perform her past relevant work as a resource specialist clerk, and that such work does not require the performance of work-related activities precluded by her RFC (Tr. 19). The ALJ gave "great weight" to the VE's testimony, in light of Soc. Sec. Rul. 00-4p, 2000 WL 1898704 (Dec. 4, 2000), that the claimant would still be able to perform her past relevant work (Tr. 19).

Under Social Security Ruling 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704, at *4 [emphasis added]. Although the VE testified that there was no conflict between his testimony and the DOT, there *is* a conflict that the ALJ was required to resolve. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."). Reference to the DOT for the claimant's past work is listed under the title of "billing-machine operator," DICOT § 214.482-010, which has an industry designation of "clerical and kindred occupations." The job does only require frequent reaching and handling, but it requires *constant* fingering. *See* DICOT § 214.482-010. *See Herbert v. Barnhart*, 2002 WL 31180762 at *8-9 (D. Kan. Sept. 19, 2002) (reversing and remanding to ALJ, partially because the identified jobs of cashier

and ticket seller required frequent reaching, handling, and fingering which appeared to be in conflict with the claimant's RFC restrictions from rapid, repetitive use of hand controls) [unpublished opinion].

Although the ALJ did ask the VE to reconcile any conflicts between his testimony and the DOT, the conflict between the constant fingering requirement and the claimant's limitation to frequent fingering was not resolved. *See* Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4. The ALJ thus committed reversible error in violation of this court's holding in *Haddock*. *See Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]"). *See also Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations); *Krueger v. Astrue*, 337 Fed. Appx. 758, 760-762 (10th Cir. 2009) (reversing and remanding in part because the ALJ failed to resolve a conflict between the VE's testimony and the DOT job descriptions).

The Commissioner attempts to salvage the ALJ's findings by noting the claimant's disability application, in which she stated that, as she performed this job, she would write, type, or handle small objects approximately 5.5 hours in a day, which is *only .2 hours above* the 5.3 hour limitation of frequent fingering and is therefore a negligible difference. The Commissioner bases this argument on the fact that "frequent" means between 1/3 and 2/3 of an eight-hour workday. The Commissioner further asserts that it was logical for the ALJ to rely on the VE's testimony, and that the claimant could perform the job as generally performed in the national economy because there is some

6

variation in the requirements of these jobs and constant fingering "would not necessarily be required in every resource specialist job." These arguments fail for two reasons. One, a cursory review of this job reveals that it does not conform to the claimant's RFC due to the constant fingering requirement. Two, the undersigned Magistrate Judge will not adopt the Commissioner's post-hoc rationalizations. *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted].

Unlike the practice in the Fifth Circuit, in *this circuit* the ALJ must resolve any apparent conflict between the VE's testimony and the DOT. *See Burns v. Barnhart*, 312 F.3d 113, 126 n.8 (3rd Cir. 2002) (discussing Circuit split); *compare Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) ("To the extent that there is any implied or indirect conflict between the [VE's] testimony and the DOT in this case . . . the ALJ may rely upon the [VE's] testimony provided that the record reflects an adequate basis for doing so.") *and Jones v. Apfel*, 190 F.3d 1224, 1229-1230 (11th Cir. 1999) ("We agree with the Sixth Circuit that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."), *with Smith v. Shalala*, 46 F.3d 45, 47 (8th Cir. 1995) ("[W]hen expert testimony conflicts with the DOT, the DOT controls.") *and Haddock*, 196 F.3d at 1091 ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

Accordingly, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings. On remand, the ALJ should resolve any conflicts between the VE's testimony and the DOT and determine what impact, if any, such resolution has on the issue of the claimant's disability.

**Conclusion**

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**